REQUESTED BY: Senator David Landis
Whether a valid law could be enacted that would remove the State Banking Department as receiver to Commonwealth and provide for a new receiver to be selected by a vote of the creditors of the institution?
Whether such an amendment would be germane to LB 113?
No.
It is not necessary to answer this question based upon the answer to question number 1.
Article III, Section 18 of the Constitution of the State of Nebraska provides in part as follows:
The Legislature shall not pass local or special laws in any of the following cases, that is to say:
. . .
Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever. . . . In all other cases where a general law can be made applicable, no special law shall be enacted.
Some understanding of this prohibition against special legislation can be gained by reference to case law interpreting this section. In that regard in Campbell v. City of Lincoln, 182 Neb. 459, 155 N.W.2d 444 (1968), the Nebraska Supreme Court interpreting the prohibition contained in this section relative to legislation applicable to cities said:
The classification must be such that it can readily apply to other cities which might come into the class.
. . . `A valid classification of cities for purposes of legislation must admit of additions to it. It must not be so constituted as to preclude addition to the numbers included within it.' Id. at 462. Thus, by analogy in order for the proposed legislation to not be in violation of the prohibition contained within the Constitution against special legislation, the classification must admit additions to it.
The legislation that you propose is simply directed at the removal of the State Department of Banking and Finance as receiver in the Commonwealth proceeding. It does not by its terms provide for additions to the class. As a result, it would constitute special legislation. For that reason, the proposed amendment appears to be unconstitutional.
Sincerely,
ROBERT M. SPIRE Attorney General
LeRoy W. Sievers Assistant Attorney General